## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD BULLOCKS,                         Case No. 1:18-cv-565
    Plaintiff,

                          Black, J.
    vs.                                  Litkovitz, M.J.

LINNEA MAHLMAN,                          **REPORT AND**
    Defendant.                           **RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), brings this pro se prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendant Linnea Mahlman. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in

reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)

(quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

2

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that he was retaliated against by defendant Mahlman for filing a civil law suit in the Ohio Court of Claims in May or June 2017 and for successfully appealing a grievance decision decided by her. (*See* Doc. 1, Complaint at PageID 14). From the Memorandum Decision issued in the Ohio Court of Claims case,[1] it appears that plaintiff purchased a guitar and amplifier through a SOCF music program prior to being transferred to segregation on December 26, 2015. Upon his release from segregation in July of 2017, plaintiff was informed that his music equipment was contraband because SOCF no longer had a music program and was given the choice to have the equipment mailed home or destroyed.

On July 14, 2017, plaintiff was issued a conduct report by officer Brian Felts. (*Id.* at PageID 16). The report indicated that Felts researched the issue with defendant Mahlman and they concluded that the guitar and amplifier "were not approved for his possession while at SOCF." (*Id.* at PageID 19). According to plaintiff, Deputy Warden Cool subsequently "ruled in plaintiff's favor stating according to policy plaintiff 'is' allowed to possess the instruments." (*Id.* at PageID 16). In support of his retaliation claim against Mahlman, plaintiff claims that Cool's reversal of Mahlman's decision "mean[s] Ms. Mahlman had it out for plaintiff." (*Id.*).

---

[1] Viewed through the Ohio Court of Claims online case search (https://ohcourtportal.tylerhost.net/Portal/) under case number 2017-00761AD. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff further alleges that, following Cool's decision, Mahlman authorized staff to break the guitar string in retaliation. (*Id.* at PageID 15, 17). Plaintiff was awarded $10 for the damages to his guitar in the Ohio Court of Claims case. (*Id.* at PageID 16).

For relief in this case, he seeks $350,000 in punitive damages. (*Id.* at PageID 15).

Plaintiff's complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, the complaint should be dismissed as to defendant in her official capacity to the extent that plaintiff seeks monetary damages. (*See* Doc. 1 at PageID 1). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendant in her official capacity would, in reality, be a way of pleading the action against the entity of which defendant is an agent. *Monell*, 436 U.S. at 690. Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore,

defendant is immune from suit in her official capacity to the extent that plaintiff seeks monetary damages.

Plaintiff's retaliation claims should also be dismissed. A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

In this case, plaintiff's conclusory retaliation claims are subject to dismissal because plaintiff has not alleged any facts suggesting a causal connection between the alleged adverse actions and protected activity. As noted above, plaintiff claims that Mahlman retaliated against him by initially finding that he was not permitted to have musical equipment and, after her decision was reversed by Cool, authorizing staff to break his guitar string. However, plaintiff provides no factual support for his claims that Mahlman was motivated by his protected conduct or that she played any role in the broken guitar string other than his conclusory allegations that she "had it out for plaintiff" and "authorized staff" to break the guitar string. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a

chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 at 555–57. *See also Whiteside v. Collins,* No. Civ.A. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). *Cf. Brow v. Carpenter*, 889 F.Supp. 1028, 1034 (W.D. Tenn. 1995) ("A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

Plaintiff's claim that the temporary confiscation of his guitar and the broken string amounted to cruel and unusual punishment under the Eighth Amendment should also be dismissed. Plaintiff's allegations simply do not rise to the level of a constitutional violation. *See Thomas v. N.M. Corr. Dep't.*, 272 F. App'x 727, 730 (10th Cir. 2008) (finding that the deprivation of personal property does not rise to the level of an Eighth Amendment violation, which applies "[w]hen inmates are deprived 'of the minimal civilized measure of life's necessities' as measured under a contemporary standard of decency") (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A prisoner "cannot state a claim under the Eighth Amendment for deliberate indifference to the security of his property." *Hunter v. Sherman*, 49 F. App'x 611, 612 (6th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm")); *Wa-Gino v. Arizona Dep't of Corr.*, No. 95-16931, 1995 WL 467701, at *1 (9th

6

Cir. Aug. 16, 1996) (same). *See also Sloan v. Durkin*, No. 94 C 5833, 1996 WL 139245, at *2

(N.D. Ill. Mar. 26, 1996) (the loss of an arrestee's property, "regardless of the cause, does not

constitute cruel and unusual punishment under the eighth amendment"). Therefore, plaintiff's

allegations do not rise to the level of a constitutional violation under the Eighth Amendment.

    Finally, plaintiff's claim that Mahlman violated his right to equal protection "when

defendant failed to advise Brian Felts that plaintiff 'was' allowed to possess his property under

'grandfather clause[]' policy" should be dismissed. (Doc. 1, Complaint at PageID 18). "The

Equal Protection Clause prohibits discrimination by government which either burdens a

fundamental right, targets a suspect class, or intentionally treats one differently than others

similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of

Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395

F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection

clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated

against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238,

239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.

1990)). Plaintiff fails to allege any facts that he is a member of a protected class, that defendant

discriminated against him, or that he was treated differently than others similarly situated.

Therefore, plaintiff's equal protection claim should also be dismissed.

    Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief

may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date:  8/28/18

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD BULLOCKS,
Plaintiff,

Case No. 1:18-cv-565

vs.

Black, J.
Litkovitz, M.J.

LINNEA MAHLMAN,
Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).