**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| GERALD BULLOCKS,<br>Plaintiff, | Case No. 1:18-cv-565 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| LINNEA MAHLMAN,<br>Defendant. | **REPORT AND**<br>**RECOMMENDATION** |

On August 9, 2018, plaintiff filed this prisoner civil rights action against defendant Linnea Mahlman, alleging that Mahlman violated his constitutional rights by retaliating against him and temporarily confiscating and damaging his property. (*See* Doc. 3). On August 28, 2018, the undersigned issued a Report and Recommendation that the complaint be dismissed for failure to state a claim. (Doc. 4). In pertinent part, the undersigned recommended that plaintiff's Eighth Amendment claims be dismissed because his allegations do not rise to the level of a constitutional violation and that plaintiff may not state a claim for deliberate indifference to the security of his property. (*See id.* at PageID 42).

Plaintiff has now filed a motion for leave to amend his complaint. (Doc. 6). Therein, plaintiff indicates that he wishes to amend his complaint to include a claim of deliberate indifference. (*See id.* at PageID 54).

As stated in the Court's August 28, 2018 Report and Recommendation, plaintiff's allegations do not rise to the level of an Eighth Amendment violation. Because plaintiff's amended complaint does not cure the deficiencies identified in recommending the dismissal of plaintiff's complaint, his motion to amend should be denied.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to amend his complaint (Doc. 6) be **DENIED.**

Date: 9/19/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BULLOCKS,
Plaintiff,

vs.

LINNEA MAHLMAN,
Defendant.

Case No. 1:18-cv-565

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).