# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| GERALD BULLOCKS,<br>Plaintiff, | Case No. 1:18-cv-565 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| LINNEA MAHLMAN,<br>Defendant. | **REPORT AND RECOMMENDATION** |

On August 9, 2018, plaintiff filed this prisoner civil rights action against defendant Linnea Mahlman, alleging that Mahlman violated his constitutional rights by retaliating against him and temporarily confiscating and damaging his property. (*See* Doc. 3). The undersigned issued a Report and Recommendation on August 28, 2018, recommending that the complaint be dismissed for failure to state a claim. (Doc. 4). Specifically, the undersigned recommended that plaintiff's First Amendment retaliation claim be dismissed because plaintiff failed to allege any facts suggesting a causal connection between the alleged adverse actions and protected activity; that plaintiff's allegations regarding his property did not rise to the level of a constitutional violation under the Eighth Amendment; and that plaintiff failed to state a claim under the Equal Protection Clause absent allegations that he was discriminated against based on his membership in a protected class.[1] (*See* Doc. 4).

On September 9, 2018, plaintiff filed a motion for leave to file an amended complaint. (Doc. 6). Plaintiff sought to amend his complaint to include a claim of deliberate indifference. (*See id.* at PageID 54). On September 19, 2018, the undersigned issued a Report and Recommendation, recommending that the motion be denied because the proposed amended

---

[1] It was also recommended that plaintiff's claims against defendant in her official capacity be dismissed to the extent that plaintiff seeks money damages.

complaint does not cure the deficiencies identified in the August 28, 2018 Report and Recommendation.

Plaintiff has now filed a second motion to amend. (Doc. 9). Plaintiff requests leave to amend his complaint "to allow him to add the First Amendment claim on top of the 8th Amendment claim." (*Id.* at PageID 63). It appears that plaintiff has filed the motion to clarify that he seeks to litigate both his First Amendment retaliation claim presented in his original complaint and his Eighth Amendment deliberate indifference claim against defendant Mahlman. However, for the reasons stated in the Report and Recommendations pending before the Court, plaintiff fails to state actionable claims against defendant under the First and Eighth Amendments. Accordingly, because plaintiff's proposed amended complaint fails to cure the deficiencies previously identified, his motion for leave to file an amended complaint (Doc. 9) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to amend his complaint (Doc. 9) be **DENIED**.

Date: 10/19/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GERALD BULLOCKS,
Plaintiff,

vs.

LINNEA MAHLMAN,
Defendant.

Case No. 1:18-cv-565

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).